IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTH SEATTLE COMMUNITY COLLEGE FOUNDATION, d/b/a AMERICAN FINANCIAL SOLUTIONS, a Washington public benefit corporation,<br><br>Plaintiff<br><br>v<br><br>GREAT AMERICAN E&S INSURANCE COMPANY, a Delaware company,<br><br>Defendant | Case No. |

## COMPLAINT FOR BREACH OF CONTRACT AND BAD FAITH

## NATURE OF ACTION

1.

Plaintiff North Seattle Community College Foundation, d/b/a American Financial Solutions ("NSCCF" or "Plaintiff") hereby files this Complaint against its insurer, Great American E & S Insurance Company, ("Great American"). Plaintiff seeks damages (plus costs

COMPLAINT FOR BREACH OF CONTRACT AND BAD FAITH

Page 1 of 17

*STERNBERG THOMSON OKRENT & SCHER, PLLC*
500 Union Street, Ste. 500
Seattle, WA 98101
206 386-5438//FAX 206 374-2868

and interest) caused by Great American's breach of its duty to defend Plaintiff against a currently pending class action lawsuit, *Craft v North Seattle Community College Foundation, et al.*, United States District Court for the Middle District of Georgia, Athens Division, Case Number 3:07-cv-00132-CDL ("Craft Lawsuit").

## PARTIES

2.

NSCCF is a Washington public benefit, non-profit corporation organized under the laws of the state of Washington with its principal place of business in Seattle, Washington.

3.

Upon information and belief, Great American is an insurance company organized under the laws of the state of Delaware, with its principal place of business in Cincinnati, Ohio.

4.

Upon information and belief, Great American regularly conducts business in the state of Washington and is fully authorized to do so. Pursuant to the General Service of Suit Endorsement attached to and forming part of the policy issued by Great American to NSCCF, Great American may be served with process through the Washington Office of the Insurance Commissioner, 5000 Capital Boulevard, Tumwater, WA 98501.

COMPLAINT FOR BREACH OF CONTRACT AND BAD FAITH

Page 2 of 17

*STERNBERG THOMSON OKRENT & SCHER, PLLC*
500 Union Street, Ste. 500
Seattle, WA 98101
206 386-5438//FAX 206 374-2868

## JURISDICTION

5.

This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1332. Complete diversity of citizenship exists between the parties, and the amount in controversy is in excess of $75,000 (seventy-five thousand dollars and no/100), exclusive of interest and costs.

## VENUE

6.

Venue is proper in this district pursuant to 28 U.S.C. § 1391 (a) and (c).

## THE GREAT AMERICAN PROFESSIONAL LIABILITY POLICY

7.

NSCCF paid a premium of $134,470 to Great American to purchase an insurance policy, No. TER 313-25-60, effective July 14, 2007 to July 14, 2008 (the "Policy"). A true and accurate copy of the Policy is attached hereto as Exhibit "A" and fully incorporated by reference.

8.

The named insureds under the Policy include NSCCF d/b/a AFS Credit Counseling and d/b/a American Financial Solutions ("AFS").

9.

According to the Policy, Great American

> Shall pay on behalf of the **Insured** those sums in excess of the **self-insured retention** and up to the **Limits of Liability** stated in the Declarations which the **Insured** shall become legally obligated to pay as **damages** as a result of **CLAIMS** FIRST MADE AGAINST THE **INSURED** AND REPORTED TO THE COMPANY DURING THE **POLICY PERIOD** OR THE

COMPLAINT FOR BREACH OF CONTRACT AND BAD FAITH

Page 3 of 17

*Sternberg Thomson Okrent & Scher, PLLC*
500 Union Street, Ste. 500
Seattle, WA 98101
206 386-5438//FAX 206 374-2868

> OPTIONAL EXTENDED REPORTING PERIOD, IF PURCHASED, caused by any **Wrongful act** for which the **Insured** is legally responsible and arising out of the rendering or failure to render **professional services** …

Ex. A, form TAU 1502, p. 1.

10.

The Policy also provides that Great American "shall have the right and duty to defend any claim against the Insured to which this insurance applies, even if any of the allegations of the claim are groundless, false or fraudulent." Ex. A., form TAU 1502, p. 1.

11.

The term "**claim**" is defined by the Policy to mean "a demand received by the **Insured** for money damages and alleging a **wrongful act**, including the service of suit …. **Claim** does not include a demand for equitable, non-pecuniary or injunctive relief, or for legal fees or expenses in connection therewith." Ex. A., form TAU 1502, p. 2.

12.

The term "**damages**" is defined by the Policy to mean:

> monetary judgments or settlements, but does not include fines or statutory penalties, sanctions, whether imposed by law or otherwise, punitive or exemplary **damages**, the multiplied portion of multiplied **damages**, amounts for which the **Insured** is not financially liable or for which there is no legal recourse to the **Insured**, or relief which may be deemed uninsurable under the applicable law.

Ex. A., form TAU 1502, p. 2.

COMPLAINT FOR BREACH OF CONTRACT AND BAD FAITH

Page 4 of 17

*STERNBERG THOMSON OKRENT & SCHER, PLLC*
500 Union Street, Ste. 500
Seattle, WA 98101
206 386-5438//FAX 206 374-2868

13.

The term **"Wrongful Act"** is defined by the Policy to mean "any actual or alleged negligent breach of duty, error, misstatement, misleading statement or omission committed solely in the conduct of the **Insured's professional services**." Ex. A., form TAU 1502, p. 3.

14.

The term **"Professional Services"** is defined by the Policy to mean "those services described in the Declarations which are provided by the **Insured** to a third party for a monetary fee." Ex. A., form TAU 1502, p. 3. The "services described in the Declarations" include "credit counseling and debt consolidating service the Insured perform[s] for others." Ex. A, form TAU 1501, p. 1.

## THE CRAFT LAWSUIT

15.

NSCCF is a public benefit, nonprofit foundation established for the purpose of promoting, supporting, developing and extending educational offerings in connection with North Seattle Community College.

16.

At some point in the late 1990's, the Chancellor of North Seattle Community College was approached with the concept of establishing a Credit Counseling Agency ("CCA") through NSCCF. The CCA would provide a public service, educational opportunities and a fundraising mechanism for NSCCF.

COMPLAINT FOR BREACH OF CONTRACT AND BAD FAITH

Page 5 of 17

*STERNBERG THOMSON OKRENT & SCHER, PLLC*
500 Union Street, Ste. 500
Seattle, WA 98101
206 386-5438//FAX 206 374-2868

17.

NSCCF established AFS as a separate division to operate the CCA.

18.

As one of its services, AFS offered to enroll its clients into Debt Management Plans ("DMPs") that were designed to assist the clients in resolving financial problems by consolidating credit card debts and proposing to creditors, on behalf of the clients, to lower interest rates and eliminate late and over-limit fees, thereby potentially reducing the clients' monthly payment amounts.

19.

NSCCF entered into a contract with Amerix Corporation ("Amerix") whereby Amerix agreed to service the DMPs.

20.

NSCCF purchased substantially the entire portfolio of DMPs from another CCA, Genus Credit Management Corporation ("Genus"). Among the DMPs included in the portfolio purchased from Genus was the DMP of Sherry Craft, the plaintiff in the Craft Lawsuit.

21.

On October 19, 2007, Sherry Craft, individually and as a putative class representative, filed a lawsuit against NSCCF, d/b/a AFS, Amerix and others. A copy of the Craft Lawsuit is attached hereto as Exhibit "B" and fully incorporated by reference.

COMPLAINT FOR BREACH OF CONTRACT AND
BAD FAITH

Page 6 of 17

*STERNBERG THOMSON OKRENT & SCHER, PLLC*
500 Union Street, Ste. 500
Seattle, WA 98101
206 386-5438//FAX 206 374-2868

22.

The Craft Lawsuit alleges that, prior to the July 1, 2003 amendment of Georgia's Debt Adjusting Act, OCGA §§ 18-51 *et seq.*, that Act prohibited companies from engaging in "debt adjustment," and that NSCCF was engaging in "debt adjustment" prior to July 1, 2003. Ex. B, p. 8-9.

23.

The Craft Lawsuit also alleges that, after the July 1, 2003 amendment of Georgia's Debt Adjusting Act, NSCCF violated that Act by accepting from Craft and others contributions in excess of 7.5 percent of the amount paid to AFS for distribution to the creditors of Craft and others. Ex. B, p. 10.

24.

The Craft Lawsuit also alleges that NSCCF improperly received collection fees, known as "fair share contributions," from some of the creditors of its clients. Ex. B., p. 13.

25.

The Craft Lawsuit seeks as damages "an amount equal to all charges, fees, and contributions paid to [NSCCF] and all other sums as allowed under OCGA §§ 18-5-1, *et seq.* ...." Ex. B, p. 14. According to the Craft Lawsuit, other sums allowed under this statute include an additional $5,000 per violation which NSCCF would owe directly to each of the debtors harmed by such violation. Ex. B, p. 11.

COMPLAINT FOR BREACH OF CONTRACT AND BAD FAITH

Page 7 of 17

*Sternberg Thomson Okrent & Scher, PLLC*
500 Union Street, Ste. 500
Seattle, WA 98101
206 386-5438//FAX 206 374-2868

26.

The Craft Lawsuit also seeks as damages the payment of "all monies herein referred to as 'fair share contributions' into a common fund and returned to the Class members' creditors for the benefit of the individual Class debtors, less expenses and attorneys' fees ..." Ex. B, p. 14.

27.

The Craft Lawsuit also seeks as damages an "incentive award from [NSCCF] for the benefit [Craft] has conferred on the Class members through her commitment of time and expense in conducting this lawsuit." Ex. B., p. 15.

28.

The Craft Lawsuit also seeks as damages an "award of attorneys' fees and expenses as the Court deems appropriate ...." Ex. B., p. 15.

29.

The Craft Lawsuit also seeks as damages "interest on any award from the time of the filing of this Complaint until the time such Judgment is entered ...." Ex. B., p. 15.

## NOTICE TO GREAT AMERICAN AND ITS RESPONSE

30.

NSCCF received a copy of the Craft Lawsuit Summons and Complaint on October 31, 2007 and notified Great American of the Lawsuit less than a week later, on November 6, 2007.

COMPLAINT FOR BREACH OF CONTRACT AND BAD FAITH

Page 8 of 17

*STERNBERG THOMSON OKRENT & SCHER, PLLC*
500 Union Street, Ste. 500
Seattle, WA 98101
206 386-5438//FAX 206 374-2868

31.

On November 9, 2007, Mike Conradson from Great American contacted Craig Sternberg, NSCCF's attorney, regarding the Craft Lawsuit and Great American's prospective role in defending and indemnifying NSCCF against the Lawsuit.

32.

According to Mr. Conradson's file notes from that conversation, e-mailed to Mr. Sternberg for confirmation, Great American believed at that time that there *may* not be coverage available under the Policy for the Craft Litigation claim, but withheld any "formal coverage position" pending a more thorough investigation.

33.

According to Mr. Conradson's file notes, Mr. Conradson advised Mr. Sternberg that Great American would be retaining coverage counsel and would, in the meantime, send a "quasi-ROR" (Reservation of Rights) letter confirming the issues discussed during their conversation.

34.

In December of 2007, Daniel Mullin, Great American's coverage counsel, met with Mr. Sternberg and Lee Rees, another attorney for NSCCF and Board counsel, to discuss the Craft Lawsuit and various issues potentially affecting Great American's coverage obligations in connection with that Lawsuit.

COMPLAINT FOR BREACH OF CONTRACT AND BAD FAITH

Page 9 of 17

*STERNBERG THOMSON OKRENT & SCHER, PLLC*
500 Union Street, Ste. 500
Seattle, WA 98101
206 386-5438//FAX 206 374-2868

35.

At this meeting, Mr. Mullin explained that Great American was still investigating the claim, still had not made a formal coverage determination and still was not prepared either to deny the claim or defend NSCCF under a reservation of rights.

36.

On December 27, 2007, Mr. Mullin wrote to Mr. Sternberg and Ms. Rees providing an analysis of the various coverage issues that Mr. Mullin believed were relevant to whether there may be coverage under the Policy for the Craft Lawsuit.

37.

According to Mr. Mullin's December 27 letter, the purpose of the letter was so that "we can both have a better understanding as to *whether* the Craft litigation is covered under the Great American policies" (emphasis added).

38.

In his December 27 letter, Mr. Mullin acknowledged that Great American would have a duty to defend NSCCF "if there is a potential for this insurance to apply to the loss."

39.

In his December 27 letter, Mr. Mullin also acknowledged that "there are some substantive coverage issues raised and serious questions as to whether the Great American Insurance policies provide coverage, including any duty to defend."

COMPLAINT FOR BREACH OF CONTRACT AND BAD FAITH

Page 10 of 17

*STERNBERG THOMSON OKRENT & SCHER, PLLC*
500 Union Street, Ste. 500
Seattle, WA 98101
206 386-5438//FAX 206 374-2868

40.

Despite these acknowledgements, Great American still refused to defend NSCCF under a reservation of rights.

41.

According to Mr. Mullin's December 27 letter, the fact that NSCCF had not yet exhausted its self-insured retention gave Great American more "time to review these issues, discuss their impact on any potential coverage under the Great American policy and determine whether more definitive positions need to be taken."

42.

On January 14, 2008, Mr. Sternberg wrote to Mr. Mullin in response to Mr. Mullin's December 27 letter and addressed every issue raised in Mr. Mullin's letter.

43.

In his January 14 letter, Mr. Sternberg again reminded Mr. Mullin that Great American had a duty to defend NSCCF against the entire Craft Lawsuit if any of the allegations were potentially covered under the Policy.

44.

On February 4, 2008, Mr. Mullin wrote to Mr. Sternberg in response to his January 14 letter. In Mr. Mullin's letter, he claimed that, while Mr. Sternberg had addressed some of the coverage issues raised in Mr. Mullin's previous letter, Mr. Sternberg had not fully addressed the potential application of exclusions in the Policy and their effect on coverage for the Craft Lawsuit.

COMPLAINT FOR BREACH OF CONTRACT AND BAD FAITH

Page 11 of 17

*STERNBERG THOMSON OKRENT & SCHER, PLLC*
500 Union Street, Ste. 500
Seattle, WA 98101
206 386-5438//FAX 206 374-2868

45.

In his February 4 letter, Mr. Mullin insisted that "[i]t would help with our investigation and evaluation to receive your response as to application of these exclusions."

46.

Great American still would not agree to defend NSCCF under a reservation of rights and still had issued no formal coverage position.

47.

On June 16, 2008, Mr. Mullin again met with Mr. Sternberg and Ms. Rees and again discussed the Craft Lawsuit.

48.

On July 7, 2008, Mr. Mullin wrote to Mr. Sternberg and Ms. Rees to summarize their meeting from weeks before. According to Mr. Mullin's July 7 letter, Mr. Mullin, Mr. Sternberg and Ms. Rees had discussed "some of the exclusions that *may* be applicable to the Craft litigation" (emphasis added).

49.

Despite the fact that it had been more than eight months since NSCCF provided Great American with notice of the Craft Lawsuit and despite the fact that Great American still could not issue a formal coverage position, Great American maintained its refusal to defend NSCCF under a reservation of rights.

COMPLAINT FOR BREACH OF CONTRACT AND BAD FAITH

Page 12 of 17

*STERNBERG THOMSON OKRENT & SCHER, PLLC*
500 Union Street, Ste. 500
Seattle, WA 98101
206 386-5438//FAX 206 374-2868

50.

Finally, on January 13, 2009, fourteen months after first providing Great American with notice of the Craft Lawsuit and asking Great American to honor its duty to defend, Great American sued NSCCF in the United States District Court for the Middle District of Georgia, where the Craft Lawsuit itself is pending, seeking a declaration from that court that it does not owe NSCCF a defense or indemnity for the Craft Lawsuit under the Policy.

**COUNT ONE: BREACH OF CONTRACT**

51.

The allegations in Paragraphs 1-51 are incorporated by reference as set forth fully herein.

52.

The Craft Lawsuit asserts claims and seeks damages arguably within the scope of coverage provided under the Policy, thereby triggering Great American's duty to defend NSCCF against the Craft Lawsuit.

53.

Great American has failed to demonstrate that any exclusions in the Policy apply to eliminate coverage for the damages asserted in the Craft Lawsuit, and, in fact, has acknowledged that at least some of the allegations in the Lawsuit may be covered.

54.

Great American therefore has breached the Policy by not honoring its contractual duty to defend NSCCF against the Craft Lawsuit.

COMPLAINT FOR BREACH OF CONTRACT AND
BAD FAITH

Page 13 of 17

*STERNBERG THOMSON OKRENT & SCHER, PLLC*
500 Union Street, Ste. 500
Seattle, WA 98101
206 386-5438//FAX 206 374-2868

55.

NSCCF has complied with all terms and conditions in the Policy, or such compliance is excused, waived or estopped.

56.

NSCCF is entitled to recover from Great American (1) any and all expenses, including reasonable attorneys' fees, incurred in defending against the Craft Lawsuit; and (2) the full amount of any judgment or settlement resulting from the Craft Lawsuit.

### COUNT TWO: COMMON LAW BAD FAITH

57.

The allegations in Paragraphs 1-57 are incorporated by reference as set forth fully herein.

58.

Great American acknowledged that it had a contractual duty to defend NSCCF if any of the allegations in the Craft Lawsuit were potentially covered.

59.

Great American acknowledged that there were questions regarding whether coverage was available under the Policy and whether certain exclusions *may* apply.

60.

Despite these acknowledgments, Great American never agreed to defend NSCCF under a reservation of rights and never expressly denied coverage or a defense under the Policy.

COMPLAINT FOR BREACH OF CONTRACT AND BAD FAITH

Page 14 of 17

*STERNBERG THOMSON OKRENT & SCHER, PLLC*
500 Union Street, Ste. 500
Seattle, WA 98101
206 386-5438//FAX 206 374-2868

61.

Instead, Great American spent more than thirteen months ostensibly "investigating" the Craft Lawsuit claim before finally filing a declaratory judgment action in the very court where the Craft Lawsuit was pending.

62.

Great American has refused to deal fairly with NSCCF and has failed to give equal consideration to NSCCF's interests.

63.

Great American's breach of its duty to defend was unreasonable, frivolous or unfounded and therefore constitutes bad faith.

64.

NSCCF has been damaged by Great American's bad faith and is entitled to recover from Great American (1) any and all expenses, including reasonable attorneys' fees, incurred in defending against the Craft Lawsuit; (2) the full amount of any judgment or settlement resulting from the Craft Lawsuit; (3) any and all expenses, including reasonable attorneys' fees, incurred by NSCCF in bringing this present action to enforce its rights under the Policy; and (4) extra contractual damages as permitted by law.

65.

NSCCF also is entitled to the remedy of coverage by estoppel and a finding that Great American is now prohibited from advancing any coverage defenses or relying on any exclusions

COMPLAINT FOR BREACH OF CONTRACT AND BAD FAITH

Page 15 of 17

*STERNBERG THOMSON OKRENT & SCHER, PLLC*
500 Union Street, Ste. 500
Seattle, WA 98101
206 386-5438//FAX 206 374-2868

or other policy provisions to argue that it is not obligated under the Policy to provide NSCCF with full indemnity for any judgment or settlement resulting from the Craft Lawsuit.

### COUNT THREE: VIOLATION OF CONSUMER PROTECTION ACT

66.

The allegations in Paragraphs 1-65 are incorporated by reference as set forth fully herein.

67.

Great American's bad faith refusal to provide NSCCF with a defense against the Craft Lawsuit constitutes a *per se* violation of the Washington Consumer Protection Act, RCWA §§ 19.86.010, *et seq.* and related regulations.

68.

Great American's bad faith refusal to provide NSCCF with a defense against the Craft Lawsuit is an unfair or deceptive act or practice in trade or commerce that impacts the public interest and caused injury to NSCCF in its business or property.

69.

Accordingly, in addition to the other remedies and damages as set forth above and any other remedies or damages that this Court may find just and proper, NSCCF also is entitled to treble damages up to $10,000, court costs and attorneys' fees incurred by NSCCF in bringing this action to enforce its rights under the Policy.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that:

COMPLAINT FOR BREACH OF CONTRACT AND BAD FAITH

Page 16 of 17

*STERNBERG THOMSON OKRENT & SCHER, PLLC*
500 Union Street, Ste. 500
Seattle, WA 98101
206 386-5438//FAX 206 374-2868

(1) It be awarded any and all expenses, including reasonable attorneys' fees, incurred in defending against the Craft Lawsuit;

(2) It be awarded the full amount of any judgment or settlement, if any, resulting from the Craft Lawsuit;

(3) It be awarded any and all expenses, including reasonable attorneys' fees, incurred in bringing this present action to enforce its rights under the Policy;

(4) It be awarded the remedy of coverage by estoppel and a finding that Great American is now prohibited from advancing any coverage defenses or relying on any exclusions or other policy provisions to argue that it is not obligated under the Policy to provide NSCCF with full indemnity for any judgment or settlement resulting from the Craft Lawsuit.

(5) It be awarded treble damages up to $10,000.

(6) This case be tried by a jury; and

(7) It be awarded any further relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a trial by jury of all issues so triable.

**DATED** this 7th day of May, 2009

Sternberg Thomson Okrent & Scher, PLLC

By _____
Craig S. Sternberg, WSBA 00521
Attorneys for Plaintiff
500 Union Street, Ste. 500
Seattle, WA 98101
206 386-5438//FAX 206 374-2868
craig@stoslaw.com

COMPLAINT FOR BREACH OF CONTRACT AND BAD FAITH

Page 17 of 17

**STERNBERG THOMSON OKRENT & SCHER, PLLC**
500 Union Street, Ste. 500
Seattle, WA 98101
206 386-5438//FAX 206 374-2868